JOHN K. NORMAND, JOAN NORMAND, GEORGE E. GRANGER, EDYTHE L. GRANGER, THOMAS J. HENRY and MARIE L. HENRY, complainants-appellants, and RUDOLPH W. HANSON, ALICE M. HANSON, THEODORE FISCHER, SUZANNA FISCHER, WILLIAM C. HANSON, MILDRED HANSON, LUCILLE S. JOHNSON and J. OSCAR E. OLSON, complainants,

*v.*

LINDHAVEN HOMES, INC., a corporation, HARRY TUNKEL and HARRY T. DAVIMOS, and the TOWN OF NUTLEY, a municipal corporation, defendants-respondents.

[Argued February 9th, 1942.   Decided April 23d, 1942.]

*Messrs. Rothbard & Schutzman (Mr. Samuel L. Rothbard,* of counsel), for the complainants-appellants.

*Mr. Harry T. Davimos,* for the defendant-respondent Lindhaven Homes, Inc.

*Mr. Dominic A. Cundari,* for the defendant-respondent Harry T. Davimos.

*Mr. James N. Pappas (Mr. Frank J. Covico,* of counsel), for the defendant-respondent Harry Tunkel.

*Mr. William F. Gorman,* for the defendant-respondent Town of Nutley.

PER CURIAM.

This is an appeal from parts of an order advised by Vice-Chancellor Bigelow which dismissed the "first cause of action" set out in a bill of complaint filed in the Court of Chancery. The complainants Mr. and Mrs. Normand had entered into a written contract with the defendant Lindhaven Homes, Inc., for the purchase of certain premises in Nutley, New Jersey, on which the defendant building company agreed to construct a one-family house. The contract provided, among other things, that any assessment for improvements would be paid by the grantor (defendant). Certain improvements were thereafter completed and the cost of same assessed against the complainants' property. The defendant did not pay the assessment. The complainants also alleged that they were overcharged in the matter of adjustment of taxes at the time title was passed and for search fees.

The relief sought is stated as though it was essentially equitable in character. But this is not the fact. The complainants really seek reimbursement for the alleged overcharge in the matter of taxes and search fee and damage for the defendant's failure to complete the house in accordance with the plans, specification and contract. These claims of the complainants, if they are well made, amount to a breach of contract and a law court has exclusive jurisdiction. *Schweitzer* v. *National Home and Farms Association, Inc., 93 N. J. Eq. 644; 117 Atl. Rep. 701.*

Another point made in the brief is that it was error for the Court of Chancery to refuse injunction in the suit in the District Court by Lindhaven Homes, Inc., against the complainants. There is no merit to it. The claim of the complainants is cognizable in a District Court and may be set up by counter-claim or set-off, whichever be appropriate.

None of the other points raised has any merit.

The decree is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, JJ. 11.

*For reversal*—None.